IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Dorsey, | ) C/A No. 0:10-2262-TLW-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Ms. Middlebrooks; Jerry Alexander; M. McCabe; Jon E. Ozmint; Tim Riley; Amy Spencer; RN Smalley; RN Parks; RN Barbour; RN Avinger; M. Fowler; C. Thompson; individually and in their official capacities, | ) |
| Defendants. | ) |

This civil action is before the court for initial screening pursuant to 28 U.S.C. §§ 1915 and 1915A. Plaintiff, a state prisoner, has filed an application to proceed *in forma pauperis* in this case.[1] Plaintiff alleges that, in violation of 42 U.S.C. § 1983, he received "inadequate medical care" and was subjected to "cruel and unusual punishment, all under the Eighth Amendment," (ECF No. 1 at 2), in connection with diagnostic testing and treatment that he was provided by members of the medical staff of the South Carolina Department of Corrections' Tyger River Correctional Institution ("TRCI"), where Plaintiff is incarcerated. Because Plaintiff's Complaint does not allege any facts stating a plausible claim for relief against Defendants, it is subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted by this court.

---

[1] Pursuant to 28 U.S.C. § 636(b)(1) Local Civil Rule 73.02(B)(2)(b) & (e) DSC, the assigned magistrate judge is authorized to review all motions for leave to proceed *in forma pauperis* and all pretrial proceedings involving litigation by individuals proceeding *pro se,* and to submit findings and recommendations to the district judge.

See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and 1915A. This review has been conducted in light of the following precedents: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

---

[2] Screening pursuant to § 1915A is subject to this standard as well.

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009)(outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil

action must do more than make mere conclusory statements to state a claim. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[3] Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

---

[3] Although the Iqbal Court was addressing pleading standards in the procedural context of a Rule 12(b)(6) motion, the court finds that those standards also apply in the court's initial screening of a complaint pursuant to §§ 1915(e)(2) and 1915A, since Iqbal discusses the general pleading standards of Rule 8, which apply in all civil actions. Iqbal, 129 S. Ct. at 1949-51. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6). See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").

## BACKGROUND

On January 5, 2010, Plaintiff informed Defendant Spencer that he had just been told by a family member that a chest x-ray performed on him at Richland Memorial Hospital ("RMH") in 1996 or 1997 showed that he tested positive for tuberculosis. (ECF No. 1-1 at 5, 7.) Plaintiff asked for assistance in obtaining his medical records from RMH and asked to be given an x-ray test for tuberculosis. Plaintiff alleges that he has been incarcerated in SCDC since 2003 and has received annual tuberculosis skin tests, all of which have been negative, indicating that he does not have tuberculosis. (ECF No. 1-1 at 32.) However, Plaintiff alleges that he has occasional symptoms that could be related to tuberculosis, *i.e.* "I feel weak at times and cough brown stuff up sometimes," "I cough up blood sometimes," "my blood pressure was high also I have high cholesterol 'blood pressure' for years," and "my weight fluctuates." (ECF No. 1-1 at 7-9, 22, 30, 36.) Plaintiff alleges that, based on the information provided to him by a family member, he was in 1996-97, and is now, "positive for tuberculosis." (ECF No. 1 at 3.) Plaintiff submitted more than twenty sick call requests to various Defendants who serve on TRCI's medical staff, between January 2010 and May 2010, insisting that he should be tested for tuberculosis with an x-ray, blood test, or sputum test. (ECF No. 1 at 3-6.) Defendant Spencer, who is TRCI's head nurse, and other medical staff members responded that the tuberculosis skin test, which has been given annually to Plaintiff, under CDC guidelines and SCDC policy, has repeatedly shown that he does not have tuberculosis. (ECF No. 1-1 at 5, 7-9, 12-13, 19-20, 23-24, 28-31.) Negative skin test results were received on April 25, 2005, May 1, 2006, April 7, 2008, and March 13, 2009. (ECF No. 1-1 at 6.) Plaintiff was tested again on March 3, 2010, using the tuberculosis skin test, and the result was again negative for

*PJG*

tuberculosis. (ECF No. 1-1 at 14-15.) While several named Defendants on TRCI's medical staff declined to provide Plaintiff with the additional diagnostic testing and examination/treatment that he wanted (ECF No. 1-1, 32-39), Plaintiff's allegations fail to state a plausible claims of a constitutional violation under § 1983 that any Defendants were deliberately indifferent to a serious medical need of Plaintiff.

## DISCUSSION

With respect to medical care, a prisoner seeking compensation in a case brought under 42 U.S.C. § 1983[4] "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In Estelle, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The United States Supreme Court pointed out that "not every claim by a prisoner that he has not received adequate medical treatment states a violation." Estelle, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988); cf. Whitley v. Albers, 475 U.S. 312, 320 (1986) (a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount

---

[4] 42 U.S.C. § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. McKnight v. Rees, 88 F.3d 417(6th Cir. 1996) (emphasis added).



of medical treatment is discretionary. Brown v. Thompson, 868 F. Supp. 326 (S.D. Ga.. 1994)(collecting cases).

Under Estelle, the failure of prison officials to take an inmate to outside hospitals or physicians as quickly as the inmate might have desired and any negligence or possible malpractice that might have occurred while the medical personnel were attempting to treat the inmate's medical problem do not rise to the level of compensable constitutional violations because the conduct does not amount to deliberate indifference constituting unnecessary and wanton infliction of pain. Estelle, 429 U.S. at 104-05. In Lamb v. Maschner, 633 F. Supp. 351 (D. Kan. 1986), the district court ruled that the proper inquiry for indifference is whether the prison or jail provided *any* treatment, and that the inmate's agreement or disagreement with the nature and extent of treatment provided is irrelevant:

> Even though plaintiff and defendants have a differing opinion as to the proper treatment to be received by plaintiff, this does not in and of itself state a constitutional violation. See Smart v. Villar, 547 F.2d 112 (10th Cir. 1976). Therefore, the key question in this case is whether the defendants have provided plaintiff with some kind of treatment, regardless of whether it is what plaintiff desires.

Lamb, 633 F. Supp. at 353; see Walker v. Peters, 863 F. Supp. 671 (N.D. Ill.1994) (under Farmer v. Brennan, 511 U.S. 825, 834 (1994), "mere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice").

In this case, it is clear from Plaintiff's allegations that TRCI's medical staff *did* provide Plaintiff with appropriate diagnostic medical care; review of his SCDC medical history records and tuberculosis skin test results for the past seven years since he has

been incarcerated; consultation and information about tuberculosis and recommended tuberculosis testing and treatment; and information to help Plaintiff obtain medical records pertaining to the alleged positive tuberculosis x-ray test that a family member told him was performed on him fourteen years ago. In fact, Plaintiff's Complaint admits that, despite his opinion or belief that he has tuberculosis, he has consistently tested negative for tuberculosis for the last seven years, and most recently on March 3, 2010. While Plaintiff's Complaint refers to occasional symptoms that might possibly be related to tuberculosis, Plaintiff's Complaint also shows that Defendants responded to his belief that he has tuberculosis by testing him for tuberculosis. Plaintiff's test results provided medical proof that Plaintiff does not have tuberculosis, but Plaintiff alleges that tuberculosis "skin tests can be false." (ECF No. 1-1 at 15). At most, the defendants' actions in this case might arguably constitute a sufficient basis on which to bring a negligence or malpractice case, which is not cognizable under § 1983. Estelle, 429 U.S. at 106. Even if all of Plaintiff's negative tuberculosis skin test results during the past seven years were shown to be erroneous, no facts showing medical indifference or a constitutional violation have been alleged. Daniels v. Williams, 474 U.S. 327, 328-36 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (applying Daniels and Ruefly: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct[.]"). Also, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. See, e.g., Brooks v. Celeste, 39 F.3d 125 (6th Cir.1994)(Although several courts prior to the Supreme Court's decision in Farmer v. Brennan held that "repeated acts of negligence could by themselves constitute deliberate indifference, Farmer teaches otherwise.").

Specifically, Plaintiff's Complaint does not show that any named Defendant was deliberately indifferent to his medical care. Rather, Plaintiff alleges in his Complaint only that he believes—based on a family member's report that he once tested positive for tuberculosis in 1996 or 1997—that he currently has tuberculosis, despite diagnostic tests that show otherwise, and that medical personnel have refused to provide him with the additional diagnostic testing he requested to confirm his belief. Even assuming these allegations to be true, they do not alone constitute an allegation of a constitutional violation. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim absent exceptional circumstances).

None of the information in Plaintiff's Complaint sets forth a plausible claim of constitutionally inadequate medical care. While Plaintiff may not agree with the extent and nature of the diagnostic testing and treatment he has received, conclusory allegations that he has not received adequate medical care are insufficient to state a plausible claim. See Papasan v. Allain, 478 U.S. 265, 286 (1986) (courts need not assume the truth of legal conclusions couched as factual allegations); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ("Even though *pro se* litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"); see also Farmer, 511 U.S. at 847 (stating that a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk).

Because the federal claim Plaintiff asserts is subject to summary dismissal, the court should decline to exercise supplemental jurisdiction over any state law claims Plaitiff might be asserting. See 28 U.S.C. § 1367(c).

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process. See 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim upon which relief may be granted); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 25, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.,</u> 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).